IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,666-02






EX PARTE MOISES GARCIA, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 36254-171 IN THE 171ST DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated rape
and sentenced to fifty-five years' imprisonment. The Eighth Court of Appeals affirmed his
conviction. Moises v. State, No. 08-84-00119-CR (Tex. App.-El Paso, Feb. 6, 1985, no pet.).

 Applicant contends, among other things, that he was denied due process at his mandatory
supervision revocation hearing. On September 14, 2007, the trial court entered an order designating
issues, but no findings of fact and conclusions of law were forwarded with this application. We
believe that this application was prematurely forwarded to this Court. 

 Applicant has alleged facts that, if true, might entitle him to relief. Morrissey v. Brewer, 408
U.S. 471 (1972). As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied due process
at his mandatory supervision revocation hearing. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 10, 2008

Do not publish